```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,       :
                                :
                                :    No. 98 Cr. 707 (JFK)
    -against-                   :
                                :
                                :    MEMORANDUM OPINION
HECTOR ORLANDO ROCHA,           :         & ORDER
                                :
            Defendant.          :
-------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

     Defendant Hector Orlando Rocha (the "Defendant"), who is currently serving a 262-month prison term, moves this Court pursuant to 18 U.S.C. § 3582(c) for a reduction of his sentence in light of a retroactive amendment to the U.S. Sentencing Guidelines Manual (the "Guidelines") reducing the guideline sentencing range for certain drug offenses.  For the reasons set forth below, the motion is granted.  The Defendant's sentence of imprisonment is reduced from 262 months to 252 months.

## Background

     On March 2, 1999, the Defendant, a Colombian national, pleaded guilty to charges related to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846, and illegal reentry after deportation for an aggravated felony, in violation of 21 U.S.C. § 1326(a), (b)(2).  Under a written, non-binding plea agreement, the Defendant and the Government stipulated that the base offense level for the Defendant's narcotics offense was 38

as the offense involved more than 30 kilograms of heroin. (Presentence Report ¶ 13(b).)  According to the presentence report, the Defendant received "one to two kilograms of heroin on a weekly basis" from a heroin enterprise (the "Lara/Nausa Organization") headed by co-defendants Julio Cesar Casas and Maria Marilu Lara-Nausa. (Id. ¶¶ 24, 27.)  The Defendant would then distribute the narcotics to two other individuals, Eugene Bautista and Carlos Reyes. (Id. ¶¶ 23, 27.)  In a footnote, the presentence report notes that "[t]he quantity of heroin attributed to the Lara/Nausa Organization, inclusive of [the Defendant's] trafficking activities, is believed to be multi-hundred kilograms." (Id. at 6 n.1.)

At sentencing, the late Honorable Allen G. Schwartz, United States District Judge, applied the agreed-upon base offense level of 38, acknowledging that the Defendant "ha[d] not objected to the calculations and conclusions set forth in the presentence report to the extent that he trafficked in excess of 30 kilograms of heroin." (Sentencing Tr. 10:2-10:5.)  Further, Judge Schwartz found, against the recommendation of the probation department, that the Defendant did not merit a sentencing enhancement for his role in the offense. (Id. at 11:3-11:9.)  Applying a three-level reduction for acceptance of responsibility, Judge Schwartz determined that the Defendant's total offense level was 35 and that his criminal history was V,

2

yielding a guideline sentencing range of 262 to 327 months' imprisonment. (Id. at 10:10-10:19; 11:9-11:19; 13:10-13:13.) The Defendant was sentenced at the bottom of the guideline range to a term of imprisonment of 262 months. (Id. at 14:3-14:5; Judgment at 2.)

Effective November 1, 2014, the United States Sentencing Commission amended the Guidelines to lower the sentencing range for certain categories of offenses involving drugs.  The Sentencing Commission also adopted an amendment to section 1B1.10 of the Guidelines authorizing, effective November 1, 2014, retroactive application of the amendment to the drug guidelines.

Following the November 2014 amendments, the probation department issued a supplemental presentence report indicating that, based upon an initial screening, the Defendant is eligible for a reduction of his sentence of imprisonment under the revised guidelines.  On December 26, 2014, the Defendant filed a pro se motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).  On December 16, 2015, the Government submitted an opposition to the Defendant's motion, arguing that he is ineligible for a modification of his sentence because his guideline sentencing range is not changed by the recent amendment.  The Federal Defenders of New York responded on the Defendant's behalf on May 4, 2016.

3

The Bureau of Prisons currently projects that the Defendant will be released on November 23, 2017. He has been incarcerated in connection with this case since July 1, 1998, a period of over 18 years. (See Presentence Report at 1.)

## Discussion

### A. Eligibility for Reduction

A district court considering a motion for a sentence modification under § 3582(c)(2) follows a two-step inquiry. "At step one, § 3582(c)(2) requires the court to follow the [Sentencing] Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Dillon v. United States, 560 U.S. 817, 827 (2010). "Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Id. (alteration in original) (quoting U.S.S.G. § 1B1.10(b)(1)). "In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). If the amendment would not have altered the defendant's sentencing range if it had been

4

applied at the time of the initial sentencing, then the defendant is not eligible for a sentence reduction. See id. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.")

The Government and the Defendant dispute whether the amended Guidelines have the effect of lowering the Defendant's applicable guideline range and whether, in turn, the Defendant is eligible for a reduction of his sentence.  Under the 1998 version of the Guidelines, which were applied at the time of the Defendant's sentencing, the highest drug quantity range for heroin was 30 kilograms or more, which corresponded to a base offense level of 38.  By comparison, under the current Guidelines, 90 kilograms or more of heroin corresponds to a base offense level of 38, while between 30 and 90 kilograms of heroin results in a base offense level of 36.

The Defendant argues that the amount of heroin attributable to him in connection with this case is between 30 and 90 kilograms, resulting in a modified base offense level of 36, a total offense level of 33, and an amended guideline range of 210 to 262 months' imprisonment.  The Government contends that the Defendant is responsible for 90 kilograms or more of heroin,

5

leaving his guideline sentencing range unaffected by the recent amendment and making him ineligible for a sentence reduction.

Where, as here, retroactive amendments have altered the relevant drug-quantity thresholds for determining a defendant's base offense level, a court considering a motion under § 3582(c) often must make supplemental findings to determine the amended guideline range applicable to the defendant. See United States v. Rios, 765 F.3d 133, 138–39 (2d Cir. 2014) ("[N]ew findings are often necessary where, as here, retroactive amendments have altered the relevant drug-quantity thresholds for determining a defendant's base offense level . . . .  Indeed, it would not have been possible to apply the amended Guidelines without making such a quantity finding.")  In so doing, the court must determine, without contradicting findings from the original sentencing, whether a preponderance of the evidence in the record establishes that the defendant is responsible for the quantity of drugs set forth in the retroactive amendment. See id. at 138-39.

Here, the pertinent record consists of the sentencing transcript, the original presentence report, and the judgment.  The sentencing transcript provides little insight into the specific drug quantity attributable to the Defendant as neither Judge Schwartz nor the parties had cause to address a specific quantity within the agreed-upon range of more than 30 kilograms

6

of heroin.  The presentence report, which was adopted by Judge Schwartz in the judgment except as to a recommended enhancement for the Defendant's role in the offense, provides more information.  It states that the Defendant, "since at the [sic] least the outset of the investigation, had received one to two kilograms of heroin on a weekly basis." (Presentence Report ¶ 27.)  According to the presentence report, the investigation began in May 1997, and the Defendant was arrested approximately 60 weeks later on July 1, 1998. (Id. at 1, ¶ 23.)  Thus, the presentence report suggests that the Defendant received between approximately 60 and 120 kilograms of heroin during the course of the conspiracy.

The Government contends that the Defendant is responsible for a quantity above even the high end of this range.  In so arguing, it relies on a footnote in the presentence report stating that "[t]he quantity of heroin attributed to the Lara/Nausa Organization, inclusive of [the Defendant's] trafficking activities, is believed to be multi-hundred kilograms." (Id. at 6 n.1.)  However, neither the presentence report nor the Government's letter in opposition to the instant motion provide factual support for the notion that the full drug quantity involved in the conspiracy was reasonably foreseeable to the Defendant. See U.S.S.G. § 1B1.3(a)(1)(B).  The Government has not requested an evidentiary hearing to make such a showing,

7

and in view of the fact that the relevant conduct occurred nearly 20 years ago, such a hearing would likely be fruitless.

Under these circumstances, the Court is inclined to "err on the side of caution . . . and not rely on a theoretical maximum amount of [drugs] involved." United States v. Battle, 706 F.3d 1313, 1320 (10th Cir. 2013) (internal quotation marks omitted). Based on the Defendant's receipt of between one and two kilograms of heroin per week during the course of the conspiracy, the Court finds that the amount of heroin attributable to the Defendant is between 30 and 90 kilograms. As a result, the Defendant's modified base offense level is 36, his total offense level is 33, and his amended guideline sentencing range is 210 to 262 months' imprisonment. Thus, the Defendant is eligible for a reduction of his sentence of imprisonment.

### B.  18 U.S.C. § 3553(a) Factors

At step two of the inquiry on a § 3582(c) motion, if the defendant has been determined to be eligible for a sentencing reduction, the Court must consider whether a reduction is appropriate in light of the applicable factors under 18 U.S.C. § 3553(a), as well as considerations of public safety and the Defendant's post-sentence conduct. U.S.S.G. § 1B1.10 n.1(B); see also Dillon, 560 U.S. at 825 (noting that the court must decide

whether to grant a reduction "in whole or in part under the particular circumstances of the case").

Here, although there is no question that the Defendant's conduct was serious, it did not involve violence or a weapon. Nor did the Defendant have any documented history of violence or weapons possession prior to his incarceration for the instant offenses. Although the Defendant was involved in two fighting incidents while incarcerated in 2004, and in 2008 was involved in two non-violent infractions, he has maintained a clear prison record for over eight years. He has also completed various educational programs and maintained steady work during his incarceration. The Defendant is now 55 years old, has spent over 18 years in prison, and faces deportation to Colombia following his release. Accordingly, the Court finds that a reduction in the Defendant's sentence of imprisonment is appropriate.

### Conclusion

For the reasons stated above, it is hereby ordered that the Defendant's request for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2) is granted and that his sentence of imprisonment is reduced from 262 to 252 months.

**SO ORDERED.**

Dated:   New York, New York
         December 28, 2016

*John F. Keenan*
Hon. John F. Keenan
United States District Judge